---

## W. Y. Decker & Co. *vs.* Birhap, for the use of Hooper, Peck & Scales.

### *Error to Dubuque.*

When a mere simple contract is the foundation of the action, the plaintiff must allege a consideration. *Except in the case of notes, bills of exchange, &c.*

An order to deliver lead, made prior to the present statute of Iowa, in relation to promissory notes, &c., is not one of these exceptions.

In declaring on such an order, the plaintiff must not only set forth a consideration, but he must aver a prior demand, and prove it.

This was an action of assumpsit, at the suit of J. M. Berhap for the use of Hooper, Peck & Scales, against Wm. Y. Decker & Co., brought to recover the value of 5000 pounds of lead. The plaintiff declared upon an order in words as follows, viz:

"Messrs. WM. Y. DECKER & Co—GENTS.—Please deliver A. E. Hough five thousand pounds of lead on my account.

April 2, 1838.            THOMAS MANCHESTER.."

On the back of which order is the following endorsement in writing:

"Please deliver the within five thousand pounds of lead to Mr. J. M. Birhap.

April 4th, 1838.      A. E. HOUGH. "

Thereupon the plaintiff filed his declaration in assumpsit, as follows:

J. M. Birhap, for the use of William H. Hooper, George Peck &

Samuel Scales, partners under the style and firm of Hooper, Peck & Scales, plaintiffs in this action, complain of Wm. Y. Decker, and Thomas McKnight, late partners under the style and firm of William Y. Decker & Co. of a plea of assumpsit: for that one Thomas Manchester did, on the second day of April in the year 1838, to wit: at the county of Dubuque make and sign his certain draft or order, in words following, to wit:

'Messrs. WM. Y. DECKER & Co.—GENTS: Please deliver A. E. Hough five thousand pounds of lead on my ac- (meaning my account.) April 2, 1838. (Signed)  THOMAS MANCHESTER.'

"Which said draft or order the said Manchester did then and there deliver to said A. E. Hough; and he the said A. E. Hough did, on the fourth day of April in the year 1838, at the county of Dubuque aforesaid, endorse, assign and deliver over to said J. M. Birhap the said draft or order.  And the said defendants, partners as aforesaid, did, then and and there accept the said draft or order payable to said Birhap as aforesaid, whereby said defendants became indebted to, and liable, and did then and there assume and promise to pay said Birhap, who sues as aforesaid, the said five thousand pounds of lead, when the same should be demanded, to wit: at the county aforesaid.  And the said plaintiff avers that the said lead was worth, and equivalent to, the sum of two hundred and fifty dollars, lawful money of the United States, which said sum the said defendants became then and there liable, and then and there did assume and promise to pay said plaintiff who sues as aforesaid, whenever the same should be demanded.  And yet the said five thousand pounds of lead, or the said sum of money, they, the said defendants have not paid although often thereto requested, but to pay the same, or any part thereof, have hitherto wholly neglected and refused, and still do neglect and refuse to the damage of the said plaintiff four hundred dollars, and therefore he brings suit."

Issue was thereupon joined, on defendants plea of "non assumpsit," and the cause having been tried in the court below, the plaintiff obtained judgment for the sum of one hundred and seventy-one dollars, damages, together with costs of suit.

The cause having been brought here by writ of error, the plaintiffs in error ask that the judgment of the court below be reversed, because

1. There is no consideration alleged in the declaration on which to found a promise and, undertaking of the defendant to pay.

2. The istrument declared on, is payable in lead, and the declaration contains no averment of a demand for said lead.

There were some othe: points of error alleged in the assignment, but the above were relied on as sufficient for the plaintiffs in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The instrument on which this action is founded, is a simple contract. When the plaintiff brought his suit, it was incumbent on him to seek his remedy by declaring in accordance with the well established rules of pleading. The rule is, that where a mere simple contract is the foundation of the action, the plaintiff must allege a consideration. This rule has been held requisite except in some peculiar instances; such as actions brought upon bills of exchange, &c. The present action cannot be saved by the exception. The declaration sets forth no allegation of a legal or good consideration. In this there is error, and such should have been the decision of the court below. *Vide*, Law on Pleading, 49, 58, 301—Chitty's Pleadings 320, 321—1 Saund. on Pl., and Ev. 114.

The second error assigned, is also good for reversal. The plaintiff below should have set out in his declaration, a demand made of the defendant, for the specific article called for by the order. Without proof of such demand before the jury, he could not recover *in money* the value of the lead. Every material allegation should appear in the declaration. Such is the character of the instrument here declared on, that the plaintiff was bound to aver a demand and prove it. The rule is "that where an instrument of writing contains a promise to pay in a specific article, which cannot attend the person of the debtor, it is supposed to be at his place of residence, and the creditor must there demand the payment, before he can maintain his action for the value thereof in money. Chipman on Contracts, 28—Saund. on Pl. & Ev 131.—Chitty's Pl. 362.

Judgment reversed and a new trial ordered.