Wheblek, J.
In the evidence embraced in the statement of facts we see no-cause for disturbing the verdict. The question whether the loss of the negro-was in consequence of the want of proper care and diligence on the part of the-defendants appears to have, been fairly submitted to the jury. The evidence on this point was conflicting. The. question as presented was one of fact, and' therefore properly and exclusively for the decision of the jury. The overruling of tlie motion for a new trial, therefore, cannot afford a ground for reversing the judgment.
On the question of the sufficiency of the record of the judgment, it not appearing that the jury were sworn, we have felt some hesitancy. The precedents and authorities doubtless require that it affirmatively appear of record that the jury were sworn. We have heretofore held that, in a criminal case, if it (lo not so appear the judgment will be reversed. (Neis v. The State, 2 Tex. R., 280.) Counsel for the appellants have referred us to decisions of the courts-in Mississippi and Indiana, in which it has been so held in civil cases. (1 How. Miss. B., 24, 30; Id., 497; 3 Blaokf. R., 269.) In the last-cited case the court said : “The books all say that if it do not so appear it will be a material! and fatal defect.” (Id., 272.)
The forms of entries which wo now follow were adopted when it was the-practice to swear the jury in each case. This is still our practice in criminal trials. When this practice obtained, the Swearing of the jury necessarily constituted a part of the proceedings in the case, and must appear in the record. And in those courts where that practice still prevails, if it do not so appear, t here is a reason for holding the omission in the record fatal. But incur practice, as regulated by statute, (Hart. Dig., art. 1656,) the jurors are not sworn in each ease, but they are impaneled and sworn at the commencement of the term ; and this swearing- is for the trial of all cases which shall be committed to them during the term. The question is, whether, under our practice, thus .differing from that which formerly prevailed, it be still necessary that the record of the judgment in each case should show the swearing of the jury. It constitutes, in fact, no part of the history of the proceedings in the case; and can it be that the record must contain more than what actually takes place?’ Wo think not. We can perceive no reason for requiring it. We might feel constrained to yield to the authority of precedents and adjudications under circumstances in all respects similar to those in which they were founded. But the present- we think a proper occasion for the application of the maxim, that where the reason of the law ceases the law itself should cease. The provisions-of the statute to which we have referred take the case, it being a civil case, out of the reason of the law, and, it is conceived, out of the operation of the principle of the adjudications on this subject.
Note 78. — Mitchell v. Matson, ante, 3.
It is true that the Mississippi statutes, in force when the decisions referred to ware made, are similar to our own; but the attention of the court does not seem to have been drawn to the change in practice made by their statute. The-statute is not adverted to in tile decisions, which appear to have proceeded' on the general principle applicable to the former practice. The court does not seem to have considered and adjudged the question in reference to the statute ; and to whatever weight the decisions may bo entitled, they cannot, we think, bo held to have concluded this question, as presented in the present case.
If the record of all the proceedings had during the term were before us, it doubtless would appear that the jury were duly sworn. But we have before us only the record of the proceedings and judgment in this case. Tire swearing-of the jury did not constitute any part of these proceedings, and we cannot conceive of any reason why it should constitute a part of the history of them, in the record. To require it would be to withhold justice for the sake of an adhcrance to what, at most, is but mere form.
We conclude, that, in our practice, under the statute, it is not necessary in a civil case that the record of the judgment should show that the jury were sworn, and, consequently, that the objection is not well taken.
There was no necessity that the names of all the jurors should he set out in tiie record.
We are of opinion that there is no error in the judgment, and that it he affirmed.
Judgment affirmed.