## BOTSFORD v. YATES.

JURY. In a civil case, where judgment is rendered by default, the record must show affirmatively that the jury were sworn.

CHANGE OF VENUE.—Where the defendant moves for a change of venue, and afterwards the court renders judgment against him by default, this is a virtual overruling of the motion.

In such a case, if the defendant fails to except to the action of the court, and to set forth his motion in the bill of exceptions, it can not be considered by the Supreme Court.

*Error to Hot Spring Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

RICE & BENJAMIN and GALLAGHER & NEWTON, for plaintiff.

ENGLISH, GANTT & ENGLISH, for defendant.

STORY, Special C. J.

Arthur Yates brought assumpsit, by attachment, against Jefferson G. Botsford and Daniel W. Kittle, partners, under the firm name of Botsford & Kittle.

The writ was executed by attaching some horses, and by personal service upon Botsford, who thereafter gave a bond for the horses. Kittle was not served. At the return term Botsford moved for a change of venue, which was, by the court, taken under advisement, and the cause continued, with an order of publication against Kittle. No action was taken at the following term, but at the term thereafter the cause was discontinued as to Kittle. Botsford failed to appear, and a judgment by default was entered against him. A writ of inquiry was ordered, "whereupon," says the record, "the following named persons were impaneled to assess damages, to-wit: (naming them). The jury, after hearing the evidence, return into court the following verdict: 'We, the jury, assess the plaintiff's damages at $133$\frac{15}{100}$. J. J. Gillis, foreman.' It is therefore considered," etc.

The errors assigned are: First. That judgment was rendered by default against Botsford, without having disposed of his application for a change of venue. Second. That the court failed to grant a change of venue. Third. That the record does not show the jury to have been sworn.

We are of the opinion that the court virtually overruled the motion for a change of venue by rendering judgment by default. *Davis v. Gibson, 2 Ark.,* 115. But whether the court overruled the motion or treated it as a nullity, the defendant not having excepted to the action of the court below, and set

forth his motion for a change of venue in his bill of exceptions, it is not a part of the record, and can not be considered by us. This principle was settled in the case of *Lenox v. Pike*, 2 *Ark.*, 14, and has been affirmed in numerous later decisions. *Vide* 2 *Ark.*, 442; 5 *Ark.*, 89 *and* 264; 1 *Eng.*, 434; 2 *Eng.*, 256; 5 *Eng.*, 489; 8 *Eng.*, 316.

We have hesitated somewhat in deciding as to the sufficiency of the record to sustain the judgment of the court below, from the fact that it fails to show that the jury were *sworn*.

Our statute, *page 646 of Gould's Digest*, requires that the jury shall be sworn in every civil case; and it is held, in 7 *Ark.*, 445, that, where the judgment is rendered by default, the court will not presume in favor of its correctness; but in such cases the record must show affirmatively that the proceedings were according to law, and the weight of authority clearly requires that the record should show that the jury were *sworn*. *Vide Phillips, et al., v. Gov., &c.*, 2 *Ark.*, 391; 6 *ib.*, 505; 1 *Hempstead C. C.*, 181; 1 *How.*, (*Miss.*,) 24, 30, 497; 27 *Mass.*, 238 *and* 313; 7 *Texas*, 556; 3 *Blackford*, 269 *and* 304: 1 *Morris*, 62 *and* 138.

Judge WILSHIRE, being disqualified, did not sit in this case.

Hon. WILLIAM STORY, Special Chief Justice.