E. B. WADDELL v. JOHN MAGEE ET AL.

1. JURY. *Oath. Record. Presumption.*
    It is not necessary that the record of the entry of a verdict should show
        that the jury were sworn. In the absence of evidence to the contrary,
        the presumption will be indulged that the court performed its duty.

2. REPLEVIN. *Property seized by sheriff under attachment.*
    Where, by virtue of a writ of attachment against E., the sheriff takes
        property from the possession of J., and on replevin by J. justifies
        . taking and detaining the property on the ground of its liability to the
        attachment, it is not error to instruct the jury that if the property
        was not subject to the payment of the debts of E., they will find for
        the plaintiff.

ERROR to the Circuit Court of Marion County.

Hon. URIAH MILLSAPS, Judge.

This was an action of replevin, by John and Charles Magee,
against the sheriff of Marion County, who had levied an
attachment, sued out, at the instance of a creditor of one
Elisha Magee, on the property then in possession of the
plaintiffs.

On the trial, the court instructed for the plaintiffs, —

"4. If the jury believe from the evidence that the property
in dispute was not subject to the payment of the debts of
Elisha Magee, as whose property it was seized by the de-
fendant, under the writ of attachment, they will find for the
plaintiffs."

From a verdict and judgment for the plaintiffs the defendant
sued out writ of error, and assigns, —

1. The record does not show that the jury were sworn.

2. The court erred in giving the fourth instruction for the
plaintiffs.

3. Overruling the motion for a new trial.

*Bentonville Taylor,* for the plaintiff in error, argued the case
orally, and filed a brief, in which he contended that the verdict
was contrary to the evidence, and that a new trial should be
granted; citing 38 Miss. 348; 2 S. & M. 638; 1 S. & M. 351.

*Chrisman & Thompson*, for the defendants in error, filed a brief on the facts.

*J. B. Chrisman*, on the same side, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It is assigned for error that the record does not show that the jury which tried the issue were sworn. The entry is, ". . . came a jury of good and lawful men, to wit (naming them), who, being elected and empanelled a true verdict to render," &c. It has been several times decided in this State that the record must show that the jury were sworn to try the issue; but these decisions will not be followed by this court, as they are not supported by reason. The statute (Code of 1871, § 744), which is a copy of that in the Code of 1857, which followed the former statute, requires petit jurors to be sworn to try all issues that may be submitted to them during the term, and they are never specially sworn in any particular civil case. *Tales* jurors are required to be sworn in the same form for the day. This swearing is for all issues which may be submitted to the jury for the time for which the jurors are sworn. If the swearing of the jury constituted a part of the proceedings in each case, it would be necessary for the record to show it; but under our statute it is no part of the history of the proceedings in the case. It is not true as matter of fact that the jury are sworn specially to try that particular issue, and it cannot be that it is necessary for the record of the trial to show what did not take place. The forms of entries usually employed were adopted when it was the practice to swear the jury in each case, and the former decisions in this State were made without attention to the change wrought in practice by the statute.

The law provides for the empanelling of petit juries, and requires them to be sworn for the term, and tales jurors for the day. As swearing the jury does not constitute any part of the proceedings of a particular case, but is a duty devolved on the court, it is not necessary that the record of the entry of a verdict should show that the jury were sworn; but, in the absence of evidence to the contrary, the presumption will be indulged that the court performed its duty in having the petit

jurors sworn for the term, and that the issue was tried by a jury thus lawfully empanelled and sworn, as the law directs. *Clark* v. *Davis,* 7 Texas, 556.

The fourth instruction asked by the plaintiffs below was properly given. The property had been taken from the possession of the plaintiffs by the defendant, who as sheriff seized it by virtue of a writ of attachment against Elisha Magee, and the defendant's justification for taking and detaining the property was its liability to the writ of attachment. If it was not liable to it, the plaintiffs, from whom it had been taken, were entitled to recover it from the sheriff; and this is the meaning of the fourth instruction, which was the only one given for the plaintiffs.

The defendant obtained seven instructions, and seems to have had every advantage before the jury; and while we might have found a different verdict, do not feel authorized to disturb that of the jury.                    *Judgment affirmed.*