## WM. H. MERRIWETHER v. SHADRACH DIXON.

The defendant, being sued for cutting and carrying away timber from the plaintiff's land, plead in justification a license from the plaintiff so to do. The court below instructed the jury, that if the license were not granted within two years before the cutting of the timber, it afforded no justification to the defendant. There being no limit as to time in the license itself, it is *held*, that the charge was erroneous.

There is no statute of limitations in this State applicable to a license or permit to·cut timber from the land of another, nor can any analogy.be drawn between such a license and any of the cases barred by the limitation of two years. [For the doctrine of the two years' statute, see Paschal's Dig., Art. 4603, Note 1017.]

A mere license to cut and take the timber of another is not a contract or promise on which an action will lie. It is revocable at any time by the grantor; but, until it is revoked or exhausted, the grantee has a right to consider it to be in full force.

If the right to cut and take timber from the land of another were of such a character as to be subject to be barred by limitation, and such right were to accrue upon the happening of a future event, the limitation could commence to run only from the happening of the event, and not before.

A proper verdict will not be disturbed in this court for the reason that it was rendered in disregard or contravention of an erroneous charge of the court below. (For the law of the charge see Paschal's Dig., Art. 1464, Note 562.)

APPEAL from Hays. The case was tried before Hon. A. W. TERRELL, one of the district judges.

On the 17th of November, 1856, the appellant brought this suit against the appellee, to recover from him damages and compensation for twenty-five trees, of the value of $300, alleged to have been cut and carried away by the defendant from the plaintiff's land.

The defendant plead not guilty, and a plea of justification, alleging a license and permission from the plaintiff so to do. He further answered, with more particularity, "that if he ever cut any timber on said plaintiff's land, and removed the same therefrom, said plaintiff authorized this defendant to cut and remove the same in consideration of certain timber which the tenants of plaintiff cut and removed from the premises of this defendant during the year 1854, and appropriated by said tenants to the improvement of said plaintiff's premises."

The plaintiff, by amendment, (in the nature of a replication,) denied generally all the allegations of the defendant, and further replied, that if he ever did give such permission to the defendant as was by him alleged, then plaintiff "avers that the cutting alleged by defendant to be done by

plaintiff was done more than two years before the cutting by defendant, and that all right of the defendant by virtue of that permission was barred by the statute of limitations of two years long since, and said permission was wholly without consideration, and long before that cutting defendant had cut double the amount of timber he was allowed to cut."

A recapitulation of the evidence, which in some respects was indefinite and conflicting, does not appear to be necessary. The plaintiff proved the cutting of the timber. The defendant proved the license in consideration of the previous cutting of timber by the plaintiff's tenant on the defendant's land. The timber cut was some fifteen trees, valuable for the works of a cotton-gin, for which it was used. It doubtless exceeded in value the timber in consideration of which it was taken. The court charged that the law of two years' limitation applied to the license; also charged that if the cutting exceeded the permission, the defendant became a trespasser.

There were verdict and judgment for the defendant, and a motion for a new trial overruled. The plaintiff appealed, and assigns errors, which are indicated in the opinion.

*Hancock & West,* for the appellant.

*Sneed & Campbell,* for the appellee.

WILLIE, J.—Appellant seeks to reverse the judgment of the court below, on the ground that the verdict was contrary to the evidence and the charge of the court. In support of this position it is urged, 1st, That the license under which appellee justified was a limited one, and that appellee exceeded his authority thereunder in the amount and value of the timber cut by him from appellant's land; 2d, That the license was of no force at the time of the commission of the trespasses complained of, because

more than two years had then elapsed since it was granted. The evidence upon both of these points was somewhat uncertain and contradictory. There was enough, however, upon the first to warrant the jury in coming to the conclusion, that appellee did not transcend his authority and cut trees of more value and in greater quantities from appellant's land than he was justified in cutting under the permission granted him, and their verdict will not be disturbed for their finding upon this point.

Some uncertainty exists also as to the exact time when the license was given; but, in the view which we take of the second objection urged to the verdict, this will not become a material question.

The second charge of the court was to the effect that, if the license were not given within two years before the commission of the acts complained of, it afforded no justification to the defendant. There was no proof that this limit as to time was fixed by the terms of the permit itself, and we are not informed of any law of limitation that applies to the case. It is certainly not expressly provided for by our statute of limitations, nor can an analogy be drawn between this and any of the cases mentioned in that statute, wherein the lapse of two years will bar the right of action. This was not a contract or promise upon which an action would lie, but a mere license, which might be recalled at any time by the grantor, and which, until withdrawn or satisfied in this case, the appellee had a right to consider in full force.

The privilege of cutting appellant's timber was to commence so soon as appellee removed to his land, which he did in the latter part of the summer or the beginning of the fall of 1854. If the court was even correct in prescribing the period of two years as a bar to appellee's right under the license, it was error to make it commence at the date of the permission, and not at the time of the removal. He should have been allowed a reasonable time

to make that removal, to be determined by the jury, and, if in their judgment it had been accomplished within such time, they would have been fully justified, under the testimony, in finding that the acts complained of were committed within two years from the time when limitation commenced running against his rights under the license. The jury having come to a proper verdict under an erroneous charge, and the evidence, though conflicting, being sufficient to reasonably satisfy the mind that their conclusion was correct, the verdict will not be disturbed. (6 Tex.; 7 Tex., 556; 8 Tex., 439; 16 Tex., 94; 22 Tex., 37.)

The judgment of the court below is

AFFIRMED.