## TONY DeGRAZIER v. J. W. STEPHENS, COMPTROLLER.

### No. 1765. Decided December 11, 1907.

**1.—Constitutional Law—Rights of Citizens—Liquor Dealer.**

The statute regulating the sale of intoxicating liquors (Act of April 18, 1907, Laws, 30th Leg. p. 258) in confining the right to a license to citizens of the State resident for two years in the county in which it is sought, is not violative of the rights of citizens guarantied by the Constitution of the United States by article IV, section 2 or article XIV, section 1.   (Pp. 196, 197.)

**2.—Same—Police Power of State.**

The regulation of the sale of intoxicating liquors is within the police power of the State; and though a restriction upon a non-resident which is not imposed upon a resident of the State would be unlawful where no reason can be assigned for the discrimination, a residence in the county may be considered necessary to render the licensee subject to answer prosecutions for violation of the law and of the conditions of the bond required to be given by liquor dealers, and also to establish there the character of "a law-abiding, tax-paying citizen of the State," which the applicant is required to show and which the residents or property owners of the block where his business is to be conducted are given a right to contest before he is entitled to license.   (P. 196.)

Original application to the Supreme Court by Frazier, for writ of mandamus against Stephens as Comptroller of the State.

*Todd & Hurley*, for relator, cited: Constitution of U. S., art. 4, sec. 2 and art. 14, sec. 1; State of New Hampshire v. Pennover, 5 L. R. A., 709-712; State of New Hampshire v. Wiggin, 1 L. R. A., 56; Yick Wo v. Hopkins, 118 U. S., 356; Fecheimer v. Louisville, 84 Ky., 306; Sinclair v. State, 69 N. C., 47; Ward v. Maryland, 12 Wall., 418; Slaughter-House Cases, 16 Wall., 75; Atchison, T. & S. F. Ry. Co. v. Matthews, 174 U. S., 104; McPherson v. Blacker, 146 U. S., 39; Jordan v. State, 51 Texas Crim. App., 531; Ex parte Levy, 43 Ark., 42; Crowley v. Christensen, 137 U. S., 86.

*Robert Vance Davidson*, Attorney-General and *Jas. D. Walthall*, Assistant for respondent, cited:—Austin v. State, 10 Mo., 591; Kohn v. Melcher, 29 Fed. Rep., 433; Tragesser v. Gray, 9 L. R. A., 780; Welsh v. State, 126 Ind., 71, 9 L. R. A., 664; Mette v. McGuckin, 18 Neb., 323.   Affirmed by the United States Supreme Court, L. Ed. Book 37, page 934 (not fully reported); Black on Intoxicating Liquors, sec. 30, 31, 48; Bartemeyer v. Iowa, 18 Wall., 133; Giozza v. Tiernan, 148 U. S., 661; Freund on Police Power, sec. 710; Mugler v. Kansas, 123 U. S., 657,

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a petition for a writ of mandamus to compel the Comptroller of the State to issue to the relator a permit to apply to the Judge of the County Court of Bowie County, Texas, for a license to pursue the occupation of a retail liquor dealer in the City of Texarkana, Texas.

Section 9 of the Act regulating the sale of intoxicating liquors, approved April 18, 1907, prescribes as preliminary to obtaining a license to sell liquor that the proposed liquor dealer, shall apply to the Comptroller of Public Accounts for a permit to apply to the County Judge of the proper county for a license. The application is to be under oath and must show, among other things, the place of residence of the applicant and that "he is not disqualified under the laws of this State, regulating and affecting the sale of intoxicating liquors, from engaging in such business."

Section 10 of the Act provides that, "any person or firm desiring a license as a retail liquor dealer or as a retail malt dealer, may in vacation or in term time file a petition with the Judge of the County Court of the county in which he desires to engage in such business, which petition shall have attached thereto the permit required by section 9 hereof, as an exhibit to such petition, shall state that the applicant is a law-abiding, tax-paying, male citizen of the State of Texas, over the age of twenty-one years, and has been a resident of the county wherein such license is sought for more than two years next before the filing of such petition; that his license as a retail liquor dealer or retail malt dealer has not been revoked or forfeited within two years next before the filing of such petition; . . . Upon the filing of the petition herein provided for, the County Judge shall set the same for hearing at a time not less than ten or more than twenty days from the filing of the same, and if, upon the trial or hearing hereof, he finds the facts stated in said petition are true and that the same is accompanied by the permit aforesaid, he shall grant a license such as prayed for." So that under the provisions of the act a residence for two years in the county wherein such license is sought is necessary to qualify the applicant to obtain a license.

The application to the Comptroller for the permit in question is made a part of the petition and gives the applicant's residence "in the city of Texarkana, County of Miller, State of Arkansas." It also contains the statement: "I am not disqualified under the laws of this State from engaging in such business unless the fact of not having resided in Bowie County, Texas, for more than two years constitutes a disqualification."

The relator assails the validity of the requirement of a previous residence in the county where the business is proposed to be carried on for two years next before the filing of the petition upon the grounds:

1. "It is in violation of article IV, section 2, of the Constitution of the United States, which provides that: 'The citizens of each State shall be entitled to all the priviliges and immunities of the citizens of the several States.'"

2. "And is also in violation of article XIV, section 1, of said Constitution of the United States, which provides that: 'No State shall deny to any person within its jurisdiction the equal protection of the law.'"

It is well settled by numerous decisions of the Supreme Court of the United States that the regulating of the liquor traffic is within the police power of the State and that neither of the sections relied upon was "designed to interfere with the power of the State to protect the lives, liberty and property of its citizens and to promote their health, morals, education and good order." (Giozza v. Tiernan, 148 U. S., 657, citing Barbier v. Connolly, 113 U. S., 27, and In re Kemmler 136 U. S., 436.)

That save in the exercise of the police power of a State, any act that imposes a disability or a burden upon a non-resident of the State, which is not imposed upon residents of the State, conflicts with the provisions of the constitution quoted above and is therefore void, (Ward v. Maryland, 12 Wall., 418; Yick Wo v. Hopkins, 118, U. S., 356), and it must be conceded that a State can not under the guise of the police power make a discrimination for which no good reason can be assigned. The question then arises, is the provision as to the residence of an applicant for a liquor dealer's license a mere guise for a discrimination against non-residents, or does it tend to further the object of the statute regulating the liquor traffic? We think it should be answered that it is not a mere guise to evade the effect of the constitutional provisions under consideration; but that it is calculated to promote the objects of the act in substanial respects. In the first place, there are numerous acts forbidden under the statute in question and numerous penalties prescribed as against liquor dealers for their infringement. Also actions are authorized upon the bonds they are required to give as a condition precedent to their carrying on the business. It is reasonable therefore that they should be required to reside in the county in which the business is carried on, to the end that they may be arrested in case of an infringement of the law, or subject to the process of the court in case suit may be brought on the bond. In the second place, the act requires that the licensee shall be "a law-abiding, tax-paying, male citizen of the State of Texas." If the character of the applicant enters into the question, what more reasonable, than that he should be required to be a resident of the county for a sufficient length of time to establish the necessary qualifications in that respect. The statute allows a contest by any resident tax-paying citizen or owner in the block or square where said business is to be conducted or by any County Attorney or District Attorney, to determine whether the applicant is qualified; and it seems reasonable that some qualifications as to continued residence would be helpful in enabling them to ascertain the facts and to maintain the contest.

A provision for a residence of two years in the State, found in a statute of Missouri was expressly held valid by the Supreme Court of that State (Austin v. State, 10 Mo., 591). In the case of Welsh v. The State of Indiana (9 L. R. A., 664) it is held that an act which restricted the right to obtain a license for the sale of intoxi-

cating liquors to the male inhabitants of the State does not conflict with the Constitution of the United States. The Supreme Court of Maryland made a similar ruling in Tragesser v. Gray (9 L. R. A., 780). In Mette v. McGuckin (18 Neb., 324) it is held that a statute of the State of Nebraska which restricted the granting of licenses to sell intoxicating liquors to residents of that State was not forbidden by the Constitution of the United States. This case was carried to the Supreme Court of the United States and was by that court affirmed, but without a written opinion. (149 U. S., 781.)

The writ of mandamus is refused.