

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1967

Hon. J. D. Kirkland, Chairman          Opinion No. M-98
Texas Water Well Drillers Board
Austin, Texas                          Re:  Whether a non-resident appli-
                                            cant may be issued a license
                                            under the Texas Water Well
                                            Drillers Act.

Dear Mr. Kirkland:

    You have asked that this office advise you on whether your Board
is empowered to issue licenses to drill water wells in Texas to non-
residents by the Water Well Drillers Act (Article 7621e, Vernon's
Civil Statutes).

    Section 3(a) of Article 7621e, Vernon's Civil Statutes, states
in mandatory terms that "It shall be unlawful for any person to act
as or to offer to perform services as a water well driller without
first obtaining a certificate of registration in the manner pre-
scribed herein and pursuant to the rules of Water Well Drillers
Board."

    In Section 2, ibid, we find the only exceptions to the mandate
of Section 3(a):  Section 2(d) excludes test holes for mines and
oil and gas wells, and Section 2(e) exempts from the licensing re-
quirements anyone working on a drilling rig under the direct super-
vision of a duly licensed driller or a landowner drilling a water
well on his own land for his own use.

    Section 3(c) sets forth the provision that each applicant de-
siring to become a registered driller must submit an application
and an examination fee.  Section 3(g) contains a "Grandfather Clause"
which expired August 31, 1966.  Section 3(h) provides that:  "<u>Each</u>
applicant shall have been a resident of the State of Texas for not
less than 90 days prior to making application for registration as a
water well driller."  (Emphasis added).  Here is the clearly stated
intent of the Legislature that the Board is without authority to
accept an application from an applicant who has resided in the State
for less than ninety (90) consecutive days immediately prior to sub-
mitting his application.

-444-

The residency requirement of Article 7621e is constitutionally valid and such enactment was a proper exercise of Legislative power. It has long been the rule in Anglo-American jurisdictions that a license or privilege of public character may be granted or withheld for good cause by a proper exercise of the police power of the state. Merriwether v. Dixon, 28 Tex. 15 (1856); Saint Louis Southwestern Ry. Co. of Texas v. Shiflet, 98 Tex. 326, 83 S.W. 677 (1904).

The Texas Supreme Court specifically upheld residency as a valid qualification of licensing in De Grazier v. Stephens, 101 Tex. 194, 105 S.W. 992, 16 L.R.A. (N.S.) 1033 (1907).

The setting of minimum qualifications and standards of proficiency for water well drillers in Texas for the purpose of preventing groundwater pollution falls well within the purview of the valid exercise of the State's police power in the interest of the public health, safety, and welfare.

Under the Reciprocity Section (Section 4) of the Act, the Board is empowered to dispense with the examination requirement for applicants who hold certificates of qualification or registration from certain states, territories, or possessions of the United States or foreign countries equal to the Texas standards. Section 4 expressly provides that applicants entitled to registration under the Act without taking the examination ". . . must show compliance with the residency requirements of Section 3, subsection (h) hereof."

Therefore, we answer your query in the negative, and more fully as follows:

(1) Pursuant to Article 7621e, an application for a Texas Water Well Driller's Certificate may not be accepted unless the applicant has resided in the State for at least ninety (90) consecutive days immediately prior to tender of his application.

(2) The Texas Water Well Drillers Board has the statutory duty to require compliance with the said requirement, and may require an affidavit, or other proof of residency, from each applicant.

(3) Non-residents, however, are entitled to the same exemptions from licensing as are State residents.

a. They may drill water wells on land they own within the State for their own use without a license.

b. They may work on a drilling rig under the direct supervision of a duly licensed Texas Water Well Driller.

c. And, they need not obtain a water well drilling license to drill mining test holes or oil and gas wells.

## S U M M A R Y

Article 7621e, Vernon's Civil Statutes, sets a mandatory prerequisite that any applicant who desires to drill or offers to drill water wells in Texas must have resided within the State for ninety (90) consecutive days immediately prior to making application for such a drilling license.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler and John Duren
       Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Houghton Brownlee
Malcolm Quick
Arthur Sandlin
Vince Taylor

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.