

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 4, 1968

Honorable O. N. Humphreys
Acting Administrator, Texas
  Liquor Control Board
Austin, Texas

Opinion No. M- 208

Re: Whether a permit or a
license may be refused
an applicant under Artic
666-11 and 667-5, 2, V.F
where the applicant is a
United States citizen, h
he was not such citizen
a period of three years
immediately preceding tl
filing of his applicatic
although a Texas resider
for three or more years
during that time?

Dear Mr. Humphreys:

    The letter from your department requesting an Opinion
of this office reads, in part, as follows:

    "In Section 11 of Article I of the Texas Liquor
Control Act (Article 666-11 of Vernon's Texas Penal
Code) it is provided as follows:

        'The Board or Administrator may refuse to
        issue a permit . . .to any applicant. . .
        if it has reasonable grounds to believe
        and finds any of the following to be true:
        . . .(11). That the applicant is not a
        citizen of the United States or has not been
        a citizen of Texas for a period of three
        (3) years immediately preceding the filing
        of his application, . . .;'

    "In Section 5, 2, of Article II of the Texas Liquor
Control Act (Article 667-5, 2 of Vernon's Texas Penal
Code) it is provided as follows:

'.... The County Judge shall refuse to ap-
prove the application for such license if
he has reasonable grounds to believe and
finds any of the following to be true: ....2.
If a Distributor or Retailer: ....(e) That
the applicant is not a citizen of Texas for
a period of three (3) years immediately pre-
ceding the filing of his application. . .;'

"Our question is this: May an application for
a permit or license be refused where the applicant
is a citizen of the United States but has not been
a citizen of the United States for a period of three
years preceding the filing of his application and
has been a resident of the State of Texas for a period
of three or more years immediately preceding the
filing of his application?"

In DeGrazier v. Stephens, 191 Tex. 194, 105 S.W. 992
(1907), the court upheld a statutory requirement that an
applicant for a retail liquor license be a citizen of the
state, and also a resident of the county wherein the license is
issued. The court said that the requirement did not contra-
vene the Privileges and Immunitites, Equal Protection, and/or
Due Process Clause, but was calculated to aid in regulating
the liquor traffic, by rendering the licensee subject to pro-
cess where suit is brought on his bond, and by facilitating
the determination of his other qualifications to exercise his
license. cf: Ziffin v. Reeves, 308 U.S. 132 (1939).

The provisions of the Texas Liquor Control Act that
require a natural person, or a partnership composed of natural
persons, or an association of natural persons to be resident
citizens of Texas for three (3) years immediately preceding
the filing of an application in order to be eligible to receive
a permit or license have been held constitutional in Attorney
General's Opinion No. C-427 (1965).

The question now presented requires a definition of the
term "citizen of Texas". Section 43-B, of Article I of the
Texas Liquor Control Act (Article 666-43B, V.P.C.) provides
as follows:

"When the terms 'citizen of Texas' and 'citizen
of this state' are used in this Act, they shall
mean not only citizenship in Texas, as required by
this Act, but shall also require citizenship in
the United States."

When Section 43-B of Art. I is read into Section 11 of Article I and Section 5, 2 of Article II of the Texas Liquor Control Act, it becomes apparent that the application may be refused unless the applicant has been both a citizen of the United States and a citizen of Texas for a period of three (3) years immediately preceding the filing of his application.

Therefore, in answer to your specific question, it is the opinion of this office that an application for a permit or license may be refused where the applicant is now a citizen of the United States, but has not been a citizen of the United States for a period of three (3) years immediately preceding the filing of his application, although he has been a resident of the State of Texas for a period of three (3) or more years immediately preceding the filing of his application.

### SUMMARY

An application for a permit or license may be refused under Article 666-11 and 667-5, 2, V.P.C., where the applicant is a United States citizen, but he was not such a citizen for a period of three (3) years immediately preceding the filing of his application although a Texas resident for three (3) or more years during that time.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Douglas H. Chilton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Lonny Zwiener
Arthur Sandlin
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.