PORTER RODGERS ET AL v. SOUTHLAND RACING
CORPORATION

5-5148                                      450 S. W. 2d 3

Opinion delivered February 2, 1970

[Rehearing denied March 9, 1970.]

1. STATUTES—REGULATION OF DOG RACING TRACK—VALIDITY OF AMEND-
MENT.—Statute which permits operation of a greyhound race
track with pari-mutuel betting which was amended to require
all officers and directors to be qualified electors of the State,
to have resided in the county where the track is located for
at least two years, and maintain their residence in the county
during tenure of their office *held* valid.
2. LICENSES—GREYHOUND RACE TRACK, OPERATION OF AS PRIVILEGE—
STATE'S RIGHT TO CONTROL.—Operation of a greyhound race track
with legalized gambling is a privilege which the State might
prohibit altogether, and the State may impose conditions upon

the exercise of the privilege beyond those that might be imposed upon the enjoyment of matters of common right.

3. CONSTITUTIONAL LAW—POLICE POWER OF STATE.—Statute requiring officers and directors of greyhound race track to be residents of the county and State *held* a permissible exercise of State's police power because residence requirements would enable the licensing authority to determine whether applicant was of good moral character, and maintain necessary surveillance over conduct of a business that must be closely regulated in the interest of the public peace, health and safety.

4. CONSTITUTIONAL LAW—POLICE POWER OF STATE—PROVINCE OF LEGISLATURE.—Residence requirements of the act *held* not so arbitrary or totally without foundation as to be contrary to the constitution because the extent to which gambling establishments should be controlled by law is within the province of the legislature, even to the point of total prohibition.

Appeal from Pulaski Chancery Court, Third Division, *Kay L. Matthews*, Chancellor; reversed.

*Joe Purcell*, Attorney General; *Don Langston*, and *Mike Wilson*, Asst. Attys. Gen., for appellants.

*Wright, Lindsey & Jennings*, for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Southland Racing Corporation, operates a greyhound race track in Crittenden county, with pari-mutuel betting, under the authority of Act 191 of 1957, as amended. Ark. Stat. Ann., Title 84, Ch. 28 (Repl. 1960). In 1969 the General Assembly amended the law to provide that all officers and directors of such greyhound dog tracks must be qualified electors of the State, must have resided in the county where the track is located for at least two years, and must maintain their residence in the county during their tenure in office. Act 285 of 1969; Ark. Stat. Ann. § 84-2823.10 (Supp. 1969).

Harry Latourette is Southland's only officer and only director who is not a resident of Crittenden county. Southland brought this suit against the members of the State Racing Commission and the Attorney General

for a declaratory judgment holding Act 285 to be un-
constitutional and for an injunction restraining the Com-
mission from enforcing the act. This appeal is from a
decree holding the act to be invalid as a grant of special
privileges and immunities that do not equally belong to
all citizens upon the same terms. Ark. Const., Art. 2,
§ 18.

In assailing the validity of the act Southland relies
not only upon the privileges and immunities clauses of
the state and federal constitutions, but also upon the due
process, equal protection, and interstate commerce
clauses. We shall consider all those constitutional at-
tacks together, for with respect to each one the control-
ling question is whether Act 285, with its residence re-
quirements, is a reasonable exercise of the state's police
power.

We hold the act to be valid. The operation of a dog
track, with legalized gambling, is unquestionably a
privilege which the State might prohibit altogether if it
chose to do so. Fortune telling and the sale of intoxi-
cating liquors fall in that same category and may sim-
ilarly be prohibited. *White* v. *Adams,* 233 Ark. 241, 343
S. W. 2d 793 (1961); *Wade* v. *Horner,* 115 Ark. 250,
170 S. W. 1005, Ann. Cas. 1916E, 167 (1914). That being
true, the State may impose conditions upon the exercise
of the privilege beyond those that might be imposed
upon the enjoyment of matters of common right. As we
said in the *Wade* case: "The State has this right, be-
cause the authority to sell liquor is a mere privilege,
which the State may grant or withhold, as it pleases,
or, if it grants this permission at all, it may do so under
any conditions which it cares to impose; and this is true,
as has been stated, even though these conditions are so
onerous, as to amount to virtual prohibition of that
traffic."

Statutes restricting the issuance of liquor licenses
to local residents have frequently been sustained. Well

reasoned opinions include those in *De Grazier* v. *Stephens,* 101 Tex. 194, 105 S. W. 992 (1907), citing other cases, and *Hinebaugh* v. *James,* 119 W. Va. 162, 192 S. E. 177 (1937), which we approved in *Brown* v. *Cheney,* 233 Ark. 920, 350 S. W. 2d 184 (1961), cert. den. 369 U. S. 796. Such a statute is a permissible exercise of the State's police power. The reason is that the residence requirement enables the licensing authority to determine in the first instance whether the applicant is of good moral character and to maintain thereafter the necessary surveillance over the conduct of a business that must be closely regulated in the interest of the public peace, health, and safety.

Those considerations apply with even greater force to an establishment, such as a race track, where gambling is permitted. It is common knowledge that underworld racketeers and criminal syndicates are constantly seeking to gain control of gambling enterprises and devices, whether legal or illegal. Our lawmakers were certainly justified in believing that a residence requirement such as that contained in Act 285 would assist local authorities in the necessary policing of establishments such as race tracks. The exact extent to which such establishments should be controlled by law is peculiarly within the province of the legislative branch of the State government. When we consider the broad power that the state has over such enterprises, extending even to the point of total prohibition, we certainly cannot say that the simple residence requirements set forth in Act 285 are so arbitrary or so totally without foundation as to be contrary to the constitution.

We have not overlooked Southland's further contentions that Act 285 violates the obligation of its contractual franchise and that the act is a local or special measure simply because Southland happens to operate the only greyhound track in the state. We do not regard either contention as having sufficient merit to warrant discussion.

Reversed.