

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 28, 1970

Honorable Ted Butler                 Opinion No. M- 676
Criminal District Attorney
Bexar County                          Re:  Do the installers and
San Antonio, Texas                         operators of the city's
                                           skyride hold a taxable
                                           leasehold interest in
                                           real property or a mere
                                           operating agreement or
Dear Mr. Butler:                           license not taxable?

        We have received your request for an opinion on the
captioned subject from which we quote as follows:

        "A question has arisen as to the tax status
        of an elevated skyride located on certain
        city-owned property known as HemisFair within
        the Civic Center Urban Renewal Project No. 5,
        City of San Antonio, which is operated by a
        Concessionaire as a sight-seeing and enter-
        tainment ride for the public at a patronage
        charge per ride from which the City is paid
        compensation in an amount equal to a percentage
        of gross annual receipts agreed upon by written
        contract between the parties.

        "Your opinion is respectfully sought on the
        following question:

        "Does the use, operation and maintenance of
        the elevated skyride as more fully described
        below constitute a leasehold interest which
        is taxable by the State of Texas, and the
        County of Bexar, under Article 7173, Vernon's
        Civil Statutes?

        "Pursuant to a contract executed on 18 October,
        1966, Austin Hemphill and Billy J. McCombs,
        hereinafter referred to as 'Hemphill-McCombs',
        in conjunction with Aerial Transportation, Inc.,
        hereinafter referred to as 'Concessionaire',

-3230-

agreed to install, operate and maintain
an elevated skyride on City of San Antonio-
owned property within Urban Renewal Civic
Center Project No. 5, during the exposition
known as HemisFair 1968, and for a period of
years thereafter. (See copy of contract
attached hereto).

"Construction was at the expense of Hemphill-
McCombs and ownership remained in Hemphill-
McCombs until it was completed and accepted
by the City of San Antonio upon delivery of
a Bill of Sale, dated 29 May, 1968. Since
said conveyance to the City of San Antonio,
the skyride has been operated by Concessionaire.

"Charles G. Davis, Tax Assessor-Collector for
Bexar County, has assessed the property and
established an account on the tax rolls for
the taxation of the Skyride property as a
leasehold interest in public lands in accord-
ance with Articles 7145, 7143, and 7174,
Vernon's Annotated Texas Statutes. The lease-
hold interest is not presently taxed by the
City or School District.

"A contrary view that has been expressed is
that the property, being wholly owned by the
City of San Antonio, is exempt, and further,
that it is not taxable to Hemphill-McCombs
or Concessionaire under Article 7173, V.A.T.S.,
for the reason that it is being operated under
a mere operating agreement or license as dis-
tinguished from a leasehold."

The general distinction between a lease and a license is:

"A lease is a grant of an estate in land for
a limited term with conditions attached, and
it creates both privity of estate and privity
of contract between the parties. The relation
of landlord and tenant is created where the
owner of land consents to the occupancy thereof
by another and the occupant holds in recognition
of, or subordination to, the title of the owner.
. . ." 35 Tex.Jur.2d 484-485, Landlord and
Tenant, Sec. 1. (Emphasis added.)

> ". . . in the law of real property a
> license is a privilege or authority given
> or retained by one to do some particular
> act or series of acts upon the land of
> another, but which does not amount to an
> estate or interest in the land itself."
> 36 Tex.Jur.2d 587-588, License, Sec. 1.
> (Emphasis added.)

Our Supreme Court has recently reiterated the principal
that ". . . ordinarily licenses are revocable; . . ." Drye v.
Eagle Rock Ranch, 364 S.W.2d 196, 203 (Tex.Sup. 1963); this had
been declared in the early case of Merriwether v. Dixon, 28 Tex.
15, 18 (1866).

In the case of Priddy v. Green, 220 S.W. 243 (Tex.Civ.
App. 1920, no writ), involving the construction of an oil and
gas lease for a primary term of five years and as long there-
after as oil or gas is produced from the land, the Court said,
in part:

> "We think the instrument evidences more
> than a mere license to go upon the land.
> A mere license is a personal privilege
> to do some act on the land without pass-
> ing any estate therein. The conveyance
> by the licensee or licensor would revoke
> it. . . ." (at p. 248) (Emphasis added.)

The contract in question unequivocally conveys to the
named installers and operators of the concession the exclusive
use and control of an area defined therein for the installa-
tion, operation and maintenance of such concession, referred
to as "Skyride", for definite primary and secondary terms
from 1968 continuously through October 31, 1983, at a stated
consideration passing from such installers and operators to
the City, as owner of the concession and land upon which it is
situated. The consideration is based upon the annual gross
receipts gleaned from patronage by the public of such conces-
sion during the life of the contract. Also, such contract
specifically uses the term "leasehold improvements" wherein
the concessionaire is required to procure and maintain fire
and extended coverage insurance on the improvements.

We point out that a conveyance by the City of its free-
hold interest in the property involved would not, in any way,

affect the leasehold interest of such named installers and operators or otherwise restrict their rights and obligations under such contract. The contract by its express terms prohibits said installers and operators from assigning, transferring, conveying or otherwise disposing of the contract or any portion thereof without permission of the City. Therefore, under the terms of such contract, the operation of the concession in question cannot be a mere personal privilege revocable by a conveyance of either party's interest therein, as would be true in the case of a mere license to do some act on the land without passing any estate therein. Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014 (1925); Chicago R. I. & G. Ry. Co. v. Johnson, 156 S.W. 253, 256 (Tex.Civ.App. 1913, error ref.), and Priddy v. Green, supra; Hancock v. Bradshaw, 350 S.W.2d 955 (Tex.Civ.App. 1961, no writ). A lease confers more comprehensive rights than does a license. Texas Pacific Coal & Oil Co. v. Fox, 228 S.W. 1021 (Tex.Civ. App. 1921, no writ).

It seems clear that the instrument in question granted a leasehold interest in property for a term of more than three years which is taxable as the property of the installers and operators under the terms and provisions of Article 7173, Vernon's Civil Statutes, which provides in its portion which is applicable here, as follows:

> "Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specially provided by law. . . ." (Emphasis added.)

For related questions involving the scope and applicability of Articles 7173 and 7174, we refer you to our Opinion M-319 (1968), a copy of which is in your possession.

## S U M M A R Y

The contract in question, which granted a leasehold interest in property for more than

three years, conveyed a leasehold estate in the elevated skyride property, which is taxable under Article 7173, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Harriet Burke
Howard Fender
Roland Allen
Rex White

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant