The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request for an opinion concerning the distribution of Oaklawn and Southland Greyhound Park racing passes. You note that the Arkansas Racing Commission distributes season and daily passes to Oaklawn and Southland Greyhound Park to members of the General Assembly. Your question regarding these facts is as follows:
 Is the current method of distribution of racing passes by the General Assembly in violation of Article 2, Section 18 of the Arkansas Constitution which reads:
 `The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens.'?
It is my opinion that the answer to your question is "no"; the distribution of these passes by the members of the GeneralAssembly does not violate the "privileges and immunities" clause of our constitution. It is also my opinion, however, that the distribution of these passes by the Arkansas Racing Commission may violate Article 2, § 18, depending upon the facts surrounding their distribution. If the Commission is, in fact, distributing passes on an arbitrary basis, a court may well find a violation of Art. 2, § 18 of our constitution.
The distribution of these passes by the members of the GeneralAssembly does not fall within the language of Art 2, § 18, which states that "[t]he General Assembly shall not grant to any citizen or class of citizen privileges . . . not equally belong[ing] to all citizens". In the distribution of these passes, the members of the General Assembly are not acting in concert as a legislative body. Article 2, § 18 contemplates state action, as evidenced by the prohibitory language directed against the "General Assembly." It has been held that the federal privileges and immunities clause does not include acts of officers of the state or county solely in their personal pursuits. Apodaca v. United States, 188 F.2d 932 (10th Cir. 1951). It is my opinion, consonant with this principle, that when an individual legislator distributes a racing pass to a constituent or other person or entity, state action is not implicated and therefore neither is Art. 2, § 18.
There is, however, state action involved in the initial distribution of these passes. The relevant statutory provisions, A.C.A. §§ 23-110-411 and 23-111-510, each provide for an admissions tax to be collected on moneys received from admissions to horse races and dog races, respectively. Subsection (b) of each of those statutes provides that: "The issuance of all tax-free passes shall be under the regulations or orders of the commission." Rule 1114 of the Rules and Regulations Governing Horse Racing in Arkansas states that "[n]o passes, daily or season, shall be printed, issued or distributed without prior authorization and approval of the Commission."
This office has previously opined, with respect to the statute above, that:
 While an equal protection or privileges and immunities argument might be made under Amendment 14 to the Constitution of the United States and Article 2, § 18 of the Constitution of Arkansas, Ark. Stat. Ann. § 84-2750 [A.C.A. § 23-110-411] does not refer to or designate any class of citizens. Facially, the statutory plan is neutral. Whether a prohibited discrimination could exist in the mode of distribution of free passes would involve factual determinations which this office cannot make.
[Emphasis added.]
Opinion No. 78-38, at 2. (See copy enclosed.)
The legal test to be employed in a "privileges and immunities" challenge is akin to the "rational basis" test. Streight v.Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983). Article 2, § 18 will thus prevent arbitrary discrimination in the distribution of these passes. Id. It is true that the operation of a racing track, with legalized gambling, is unquestionably a privilege which the state might prohibit altogether; and thus conditions on the exercise of the privilege may be imposed beyond those that are matters of common right. Rodgers v. Southland Racing Corp,247 Ark. 1115, 450 S.W.2d 3 (1970). It is my opinion, however, that arbitrary discrimination in this field would be struck down.
We are in agreement with Opinion No. 78-38, above, that the resolution of your ultimate question, (whether the distribution of these passes is unconstitutional), will involve issues of fact. Because we are not aware of the precise facts and reasons given for the manner in which the passes are distributed, we cannot conclusively address the constitutional question. This will, of necessity, have to be resolved by a factfinder, i.e., a judge or jury.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb